## COUNTS v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10311. Decided Feb. 3, 1930

Stanton & Connell, Cleveland, for Counts.
Ray T. Miller, Pros Atty, Cleveland, for State.

**LEVINE, J.**

There is no evidence of a direct nature showing that the accused signed the document. No handwriting expert was introduced seeking to connect the writing of the name of John B. Molnar with the accused. The accused is a practicing attorney of many years standing and his signature appears on a great many pleadings which were filed in the various courts. It would seem like a rather simple matter to establish the identity of the particular writing by comparing it to other writings admittedly that of the accused. The state introduced no such evidence. The prosecution relied instead upon circumstantial evidence tending to show that the accused signed the document. It resorted to a process of elimination in order to establish its case.

It is pointed out by the State that only three people handled the petition before it was filed, to-wit, a Miss Miller, the stenographer, Mr. Counts, the accused, and a Mr. Gobozy. It is agreed that Miss Miller did not sign Molnar's name; Gobozy denied having signed Molnar's name. It is argued therefore, that by this process of elimination it leaves Mr. Counts as the only one who might have signed Molnar's name and of course it is conceded that Molnar did not sign it. The accused denied that he signed the name of Molnar upon the petition. He stated that he had requested one Gobozy, an attorney, to use his name upon the petition but Gobozy refused and suggested the use of the name of Molnar. Thereupon he, Counts, left the prepared petition with Gobozy; that later Gobozy returned the petition bearing the forged name of Molnar, to Counts who subsequently filed it.

In view of the flat denial of Counts of the allegations in the indictment that he forged the signature of Molnar, it became incumbent upon the State to introduce evidence at least tending to show that the signature was in the handwriting of the accused.

We are not concerned with the motives of the accused in seeking the signature of another attorney upon the petition and we may well agree with the prosecution that Counts was actuated by some chicanery in seeking to hide his own identity; but the indictment charges a substantive offense, namely, that he, Counts, signed and forged the name of John B. Molnar and this burden which rests upon the State is not fulfilled in our opinion by merely showing that only three people, including Counts, handled the petition before it was filed, and that two of the three having testified that they did not sign it, it leaves Counts as the only remaining one who might have signed it. That does not necessarily follow. Some one else might have signed it either at the request of Counts or without such request. Even if the accused had requested some one else to forge the name of Molnar he would not be guilty under the allegations of the indictment. There is a clear course open to the State to prove the allegations of the indictment, namely, the introduction of a handwriting expert who could use other signatures admittedly that of the accused, found upon many pleadings in our courts, by way of comparison with the signature which constitutes the basis of the indictment. Upon this essential allegation of the indictment, namely that the accused forged the name of John B. Molnar, there is no evidence of a substantive character substantiating the same, under the rules of the criminal law which requires proof beyond a reasonable doubt.

Another assignment of error which in our opinion deals with the substantial rights of the accused, is the admission of a transcript of the journal entry in the Kemppel divorce case which is the case in which the petition was filed. The prejudicial matter found in the transcript which is State's exhibit 2, shows that after a decree for divorce was signed, upon the petition bearing the alleged forged signature, a motion was filed to strike the journal entry from the files; that the court investigated the latter and then under date of Jan. 26, 1929, made the following entry:

"To court: The motion is heard and submitted and the transcript of testimony ordered by the court and to transmit to the prosecutor of this county."

The prosecuting attorney in his argument made reference to this entry in the following language:

"And according to that record we have this law suit that we are trying here today. You read the record there and find an order from the Court turning the whole thing over to the prosecuting attorney. The whole record over to the prosecuting attorney—"

The introduction of the transcript was strenuously objected to, which objection was overruled by the trial court and exception duly taken.

The argument of the prosecutor in referring to the said transcript was likewise objected to and the objection was overruled.

The transcript submitted in addition to the entry quoted, shows that the court found that the affidavit for service by publication was false and fraudulent. In our opinion this was highly prejudicial and was erroneously permitted in evidence.

There is one question in this case, namely, did the accused forge the signature of John B. Molnar to the petition for divorce? The fact that there was improper practice as to some other phase of the case does not bear upon that question. Then its introduction in evidence would have no other influence upon the jury than to arouse passion and prejudice. If the accused did in fact forge the signature of John B. Molnar, the State still has the opportunity to prove it by a handwriting expert.

Upon the record we are of the opinion that substantial error was committed directly affecting the rights of the accused.

Judgment of the Common Pleas Court is therefore ordered reversed and the case remanded for a new trial according to law.

Vickery, PJ., dissents. Sullivan, J., concurs.